UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEXANDER M. KARA,

       Plaintiff,

vs.                                                    Case No.  3:06-cv-572-J-32MCR

FLORIDA PUBLIC UTILITIES COMPANY,

       Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Deposition of Chuck Stein for Limited Purpose (Doc. 21) filed August 1, 2007.  Defendant filed its response (Doc. 24) on August 14, 2007.  Accordingly, this matter is now ripe for judicial review.

### **I.  BACKGROUND**

Plaintiff worked for Defendant as a Business Development Manager in Defendant's propane acquisition department from January 7, 2002 until January 12, 2005, at which time he was terminated.  (Docs. 14, p. 4; 24-7, p. 4).  Defendant stated Plaintiff was terminated pursuant to an initiative to improve Defendant's propane operations, Id., and ultimately because Defendant made the decision to cease acquiring other propane businesses, which in turn led Defendant to eliminate Plaintiff's position.  (Doc. 24-5, p. 7; 24-6, p. 3; 24-7, p. 4).   Plaintiff disputes Defendant's reasoning for terminating him and asserts, *inter alia,* he was terminated on account of his age and in retaliation for his complaints of age discrimination or in response to his past use, and

-1-

anticipated future use, of his employee welfare benefits, including health insurance and pension benefits.  (Doc. 14, p. 1).

Nine months prior to being terminated, Plaintiff applied for the Director of Propane Operations position with Defendant, but was not selected for this position.  Id. at 8.  At the time of his termination, Plaintiff requested Defendant allow him to transfer to an open District Manager position in West Palm Beach, but he was also denied this opportunity.  Id. at 12.  Defendant states Plaintiff was not selected as the Director of Propane because the job required a four-year college degree which Plaintiff did not have.  (Doc. 24-5, p. 11).  Further, Defendant states Plaintiff was not allowed to transfer to the District Manager position because he was not a good fit for the position and because he had a negative attitude with respect to Defendant.  (Doc. 24-6, p. 7).  Plaintiff disputes Defendant's reasons for not providing Plaintiff other employment opportunities with Defendant and argues Defendant denied him these positions for the same reasons he was terminated, i.e., discrimination on account of his age, and/or retaliation because he complained of age discrimination or because of his past use, or anticipated future use, of his employee welfare benefits, including hospitalization benefits and pension rights.  (Doc. 14, pp. 13-14).

In his Amended Complaint, filed on February 2, 2007 (Doc. 14), Plaintiff asserts the following four causes of action against Defendant: (1) a violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 623; (2) a violation of the Florida Civil Rights Act of 1992 ("FRCA"), FLA. STAT. § 760.12; (3) a violation of Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140; and (4) a claim for promissory estoppel.  (Doc. 14).  On November 14,

2006, this Court entered a Case Management and Scheduling Order setting the discovery deadline for July 31, 2007.  (Doc. 11).

During discovery, Plaintiff deposed Mr. Chuck Stein, Defendant's Senior Vice President and Chief Operation Officer, as a fact witness on January 20, 2007, and again as a Rule 30(b)(6) corporate representative on July 6, 2007.  (Doc. 21, pp. 1-2). Evidently, during the time frame between Mr. Stein's two depositions, Plaintiff discovered evidence of alleged statements made by Mr. Stein which, according to Plaintiff, reveal Mr. Stein was biased against persons who caused Defendant to incur large medical expenses during the time Defendant was self-insured.  (Doc. 21, pp. 5-8; Doc. 23, p. 1).  Specifically, Plaintiff asserts two witness – former District Managers for Defendant -- have independently confirmed, during their depositions, that Mr. Stein made statements that he would not hire a person who had or whose family member had a pre-existing medical impairment because it would cost Defendant a lot of money since Defendant was self-insured.  (Doc. 21, pp. 5-8; Doc. 23-2, pp. 3-4).  These statements allegedly took place at a meeting in South Florida between Defendant's managers and supervisors and Patricia Hill, an employment lawyer.  Id.

Plaintiff attempted to question Mr. Stein regarding such statements during his Rule 30(b)(6) deposition; however, Defendant's counsel objected and instructed Mr. Stein not to answer such questions.  (Doc. 21, pp. 8-10).  Plaintiff argues the statements made by Mr. Stein at the South Florida meeting are relevant because they were made at a time when Defendant was self-insured and around the time that Plaintiff's wife caused Defendant to incur large medical expenses due to heart surgery.  Id. at 1. Plaintiff now seeks an Order from this Court compelling Defendant to produce Mr. Stein

for a deposition so that Plaintiff can depose him and inquire into the specifics of Mr. Stein's alleged statements.  Id. at 2.

## II.  ANALYSIS

In its Motion to Compel, Plaintiff argues Mr. Stein's alleged statements evidence Mr. Stein's bias against persons who cause Defendant to incur large medical expenses. (Doc. 21, p. 1).  Moreover, Plaintiff asserts they are relevant because Mr. Stein made three key decisions with respect to Plaintiff's employment with Defendant.  Id. at 2-3.  First, Plaintiff alleges Mr. Stein refused to promote Plaintiff to the position of Director of Propane Operations.  Id. at 2-3.  Second, Plaintiff asserts Mr. Stein made the decision to terminate Plaintiff as Business Development Manager.  Id.  Third, Plaintiff contends Mr. Stein refused to allow Plaintiff to transfer to the available position of District Manager at the time of his termination.  Id.  Plaintiff asserts he should not be denied an opportunity to question Mr. Stein about these alleged statements because they are relevant to show Mr. Stein's bias and possible motive for terminating Plaintiff and for failing to permit Plaintiff to undergo additional employment opportunities with Defendant. Id. at 11.

Defendant responds that Mr. Stein has been deposed twice and Plaintiff has already conducted ample discovery on this issue.  (Doc. 24, p. 1).  More importantly, however, Defendant argues the alleged comments made by Mr. Stein are entirely irrelevant to this case because Defendant was fully insured by the time Plaintiff's wife incurred substantial medical expenses.  Id. at 6.  Although Defendant was self-insured at the time Mr. Stein allegedly made the statements at issue in this matter, Defendant states it became fully insured as of December 1, 2003 and thus, Defendant was no

longer fully responsible for employees' medical expenses.  Id. at 3.  Additionally, Defendant notes Plaintiff's wife was diagnosed with a heart condition and underwent surgery more than a year after Defendant had converted from a self-insured company to a fully insured company and four months after Defendant was told he would not be promoted to the Director of Propane position.  Id. at 3-4.  Therefore, Defendant argues, the alleged statements are not relevant to Mr. Stein's decision not to promote Plaintiff to Director of Propane.  Id. Defendant also argues that although the alleged comments may at least initially appear to be related to Plaintiff's claim that Defendant violated ERISA when it made the decision to terminate Plaintiff and to not transfer Plaintiff into the West Palm Beach District Manager position, such comments are not relevant because Mr. Stein was not the decision maker with respect to either of these actions.  Id. at 6-7.[1]

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.  This Court finds that Plaintiff's Motion to Compel should be **DENIED.**

Importantly, the Court notes that Plaintiff discovered evidence of the alleged statements as early as June 21, 2007 – the date Mr. Cliff Schaak was deposed.  Plaintiff

---

[1] In addition to these arguments, the parties also dispute whether Defendant waived an attorney-client privilege with respect to Mr. Stein's alleged statements. The Court, however, need not reach this issue because it has determined the Motion to Compel should be denied for other reasons.

-5-

had more than two months before discovery ended to request Mr. Stein be deposed for a second time.  Moreover, Mr. Stein was the designated corporate representative and was originally scheduled to be deposed on June 14, 2007.  Mr. Stein's deposition was rescheduled for July 6, 2006 – two weeks after Plaintiff became aware of Mr. Stein's alleged statements.  Notably, Plaintiff did not amend its deposition notice to include any questions regarding the alleged statements, nor did Plaintiff request Plaintiff or this Court to allow Mr. Stein to be deposed again before expiration of the discovery deadline.  Instead, Plaintiff waited until after the close of discovery to request this Court to allow it to take a third deposition of Mr. Stein.  While the Court sometimes allows for additional discovery after a discovery deadline, it will only do so when a party shows that further discovery of information is likely to lead to relevant information and the requesting party offers a reasonable explanation as to why such discovery did not occur during the period allocated for discovery.  Here, the Court is not persuaded that Mr. Stein's alleged statements are more than minimally relevant to the issues in this case and Plaintiff has not provided any explanation as to why he waited until the close of discovery to move for an order permitting Plaintiff to re-depose Mr. Stein.

More importantly, however, the Court is not persuaded that the additional testimony from Mr. Stein is necessary for the following reasons.  The alleged testimony occurred during a time when Defendant was self-insured and was required to fully incur medical expenses on behalf of its employees and their families.  Defendant, however, became fully insured as of December 1, 2003 and was thus, fully insured when Plaintiff's wife was diagnosed with heart disease and when she underwent heart surgery.  Moreover, at the time Plaintiff was denied the position of Director of Propane

with Defendant, Plaintiff's wife was not yet aware of her medical condition and had not yet incurred substantial medical expenses.

    This time line of events demonstrates two important conclusions with regard to this matter. First, Mr. Stein's alleged statements were not relevant to his decision to refuse to promote Plaintiff to the Director of Propane position because neither Plaintiff nor his wife had yet incurred significant medical expenses.  Second, while Mr. Stein's alleged remarks may show he had a propensity to hold a bias against persons who incurred significant medical expenses at the time Defendant was self-insured, they are not relevant to show such bias after Defendant became fully insured.  In fact, Plaintiff's argument supports this proposition.  Plaintiff explicitly argues "[t]he remarks demonstrate Mr. Stein's bias against employing persons who would cause the Defendant to incur significant medical expenses **when the Defendant was self-insured**."  (Doc. 23, p. 1) (emphasis added); see also Clifford Schaak's deposition dated June 21, 2007 (Doc 21-10, pp. 22-23) (noting Mr. Stein expressed he would not hire someone who openly disclosed he/she had significant medical issues because Defendant was self-insured and would incur the costs); Brain Forrest's deposition dated July 23, 2007 (Doc. 23-2, pp. 3-4) (stating Mr. Stein said he would not offer a position to an individual with potential heath problems because Defendant was self-insured). Because the events Plaintiff complains of in his complaint, i.e., his termination and not receiving other employment opportunities, occurred during a time when Defendant was fully insured, the alleged statements made by Mr. Stein have little, if any, relevance to these events.

Plaintiff fails to persuade this Court that the alleged statements are relevant for an additional reason.  Defendant has offered uncontradicted testimony that Mr. Stein was only one person on a committee of people who made the decision to eliminate Plaintiff's position and that Mr. Stein was not the decision maker who decided against employing Plaintiff in the West Palm Beach District Manager position.  Consideration of all of these facts leads this Court to decide Plaintiff's Motion to Compel is due to be **denied**.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiff's Motion to Compel Deposition of Chuck Stein for Limited Purpose (Doc. 21) is **DENIED**.

2. The Clerk of Court is directed to redact Exhibit B to Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel (Doc. 24-3), as it contains information which should not be viewed by the general public.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  23rd  day of August, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party