**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALEXANDER M. KARA,

    Plaintiff,

vs.                                            Case No. 3:06-cv-572-J-32MCR

FLORIDA PUBLIC UTILITIES COMPANY,

    Defendant.

**ORDER[1]**

This is an age discrimination case. Plaintiff Alexander M. Kara ("Kara") alleges that defendant Florida Public Utilities Company ("FPUC" or "company") denied him a promotion in April 2004 and terminated him in January 2005 at age 63 because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01-.11 ("FCRA"). Additionally, plaintiff alleges the adverse employment actions were on account of his past use and anticipated future use of employee welfare benefits, including health insurance coverage and pension, in violation of Section 510 of the Employment Retirement Income Security Act, 29 U.S.C. § 1140 ("ERISA"). This case is before the Court on FPUC's Motion for Summary Judgment. (Doc. 31.) The Court

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

has considered the motion, the responses and replies by the parties (Docs. 48, 54, 58, 62, 63), and the evidentiary material submitted by the parties. Because the Court has determined to deny summary judgment, the Court provides only a relatively brief statement of the facts and analysis of the law.

## II.      **Legal Standard**

Summary judgment is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The burden of demonstrating the satisfaction of this standard lies with the movant, who must present pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that establish the absence of any genuine, material factual dispute." Branche v. Airtran Airways, Inc., 342 F.3d 1248, 1252-53 (11th Cir. 2003) (internal quotations omitted). When evidence is in dispute, the Court in ruling on defendant's motion for summary judgment, must draw inferences from the evidence in the light most favorable to the nonmovant, here Kara, and resolve all reasonable doubts in that party's favor. Centurion Air Cargo, Inc. v. United Parcel Serv. Co., 420 F.3d 1146, 1149 (11th Cir. 2005). "In an employment discrimination case, the plaintiff must produce sufficient evidence to support an inference that the defendant employer based its employment decision on an illegal criterion." Jameson v. Arrow Co., 75 F.3d 1528, 1531 (11th Cir. 1996). "At the summary judgment stage, [the Court's] inquiry is whether an ordinary person could

reasonably infer discrimination if the facts presented remained unrebutted." Id.

## II. DISCUSSION

### A. Age Discrimination Under the ADEA and FCRA (Counts I and II)[2]

#### 1. Timeliness of Discrimination Claim Based Upon April 27, 2004 FPUC Decision Not To Promote Kara To Position Of Director Of Propane Operations

FPUC contends that Kara's age discrimination claim based upon the April 27, 2004 decision to not consider him for the position of director of propane operations is time-barred because he filed his charge of discrimination with the EEOC and the Florida Commission on Human Relations ("FCHR") more than 300 and 365 days respectively from the date of that event. (Doc. 31 at 11-13). Kara's charge of age discrimination, filed with the EEOC, signed by Kara on May 18, 2005, alleges that the "discrimination took place" on January 14, 2005 when he was "wrongfully terminated," and includes as a particular that he was told by FPUC senior vice president/chief

---

[2] The Court applies legal standards developed in Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2 et seq.), ADEA, and ADA (the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq.) cases interchangeably. Rizo v. Ala. Dep't of Human Res., 228 Fed. Appx. 832, 835 (11th Cir. 2007)(citing Pennington v. City of Huntsville, 261 F.3d 1262, 1269 (11th Cir. 2001) and Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999)). Furthermore, FCRA age discrimination claims are analyzed under the same framework as ADEA discrimination claims, Zaben v. Air Prods. & Chems., Inc.,129 F.3d 1453, 1455 n.2 (11th Cir. 1997)(citing Morrow v. Duval County Sch. Bd., 514 So.2d 1086, 1087-88 (Fla. 1987)), and federal case law interpreting the ADEA is applicable to the FCRA claim. E.g., Brown Distrib. Co. of W. Palm Beach v. Marcell, 890 So.2d 1227, 1230 n.1 (Fla. 4th DCA 2005). Therefore, the Court will address these two claims together.

operating officer Charles Stein on April 27, 2004 that he would not be considered for the vacant director of propane operations position based on Stein's assumption that Kara would be retiring in two years.  Kara requested that the charge be filed dually with the FCHR.  (Doc. 34-6.)  The EEOC received the charge on May 24, 2005, and issued a notice of dual filing on May 31, 2005.  (Doc. 32-23.)  For this reason, argues FPUC, Kara is barred from pursuing a discrimination claim in connection with the earlier employment decision.

"[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)(Title VII). Thus, the ADEA's requirement that the plaintiff file his or her charge of discrimination with the EEOC within 300 days, 29 U.S.C. § 626(d)(2), constitutes a nonjurisdictional condition precedent which the defendant may waive. See McClinton v. Ala. By-Products Corp., 743 F.2d 1483, 1485 (11th Cir. 1984)(ADEA time period for filing notice of alleged discrimination is not a jurisdictional prerequisite implicating the court's subject matter jurisdiction, "but a requirement more in the nature of a statute of limitations"); Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1003, 1009-10 (11th Cir. 1982). Rule 9(c), Federal Rules of Civil Procedure, provides that "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent

4

have been performed or have occurred.  A denial of performance shall be made specifically and with particularity." Fed. R. Civ. P. 9(c).  The court in Jackson describes the effect of Rule 9(c):

> [A] plaintiff must generally allege in his complaint that "all conditions precedent to the institution of the lawsuit have been fulfilled." Fed. R. Civ. P. 9(c).  If the defendant doubts the veracity of the plaintiff's allegation, in whole or in part, then the defendant may deny "specifically and with particularity" that the preconditions have not been fulfilled. Id.  The plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied. [Citations omitted.] If, however, the defendant does not deny the satisfaction of the preconditions specifically and with particularity, then the plaintiff's allegations are assumed admitted, and the defendant cannot later assert that a condition precedent has not been met.

Jackson, 678 F.2d at 1010 (addressing Title VII's EEOC condition precedent); see also Rizo, 228 Fed. Appx. at 836 (citing Jackson in ADEA case regarding pleading prerequisites to filing discrimination suit); Stearns v. Consol. Mgmt., Inc., 747 F.2d 1105, 1111 (7th Cir. 1984)((filing requirements for Title VII and ADEA are "almost identical" and "clearly are not jurisdictional"). Thus, to place timeliness in issue, FPUC was required to deny the condition precedent "with particularity." Fed. R. Civ. P. 9(c).[3]

---

[3]   Likewise, the FCRA's Section 760.11(a) requirement that an aggrieved party must first file a complaint with the Florida Human Rights Commission within 365 days of the alleged discrimination constitutes a condition precedent. See Albra v. Advan, Inc., 490 F.3d 826, 834 (11th Cir. 2007)(the analysis that governs Title VII claims is the same analysis that governs FCRA claims)

Kara adequately averred that he had timely complied with the ADEA and FCRA's administrative exhaustion requirements, sufficiently complying with Rule 9(c)'s procedural requirement pertaining to pleadings of conditions precedent. (See Doc. 14 at 2-3 (Amended Complaint at ¶¶ 5-10)); see also EEOC v. Standard Forge & Axle Co., 496 F.2d 1392, 1395 (5th Cir. 1974). FPUC did not specifically deny Kara's allegations with particularity to place the condition precedent at issue. (Doc. 16 at 2-3.) Compare Richey v. City of Lilburn, 127 F. Supp.2d 1250, 1257-58 (N.D. Ga. 1999)(defendant's specific denial of plaintiff's condition precedent pleading precludes finding of waiver).

While the Court recognizes that the Eleventh Circuit has held that "specific denial of performance of conditions precedent may be raised by motion as well as by answer," Assoc. Mech. Contractors, Inc. v. Martin K. Eby Constr. Co., 271 F.3d 1309, 1317 (11th Cir. 2001)(defendant "no doubt" articulated plaintiff's failure to satisfy contractual condition precedent in its fourth summary judgment motion and memorandum in support and did not waive its rights under that contractual provision), the Court has found no Eleventh Circuit precedent advising that a defendant charged with employment discrimination may preserve its defense of failure to comply with the statutory administrative condition precedent after having admitted in its answer that plaintiff performed his "obligations under the statutory provisions under which he has brought suit." (Doc. 16 at 2-3.) Accordingly, FPUC's motion for summary judgment

as to the April 27, 2004 job action, based upon untimeliness of Kara's filing of his administrative complaint, is denied.[4]

## 2. Age Discrimination Claims

### a. April 27, 2004 Denial of Promotion

COO Stein's alleged comment referring to Kara's impending retirement does not provide direct evidence of age discrimination. "[R]emarks merely referring to characteristics associated with increasing age, or facially neutral comments from which a plaintiff has inferred discriminatory intent, are not directly probative of discrimination." Carter v. City of Miami, 870 F.2d 578, 582 (11th Cir. 1989)("not every comment concerning a person's age presents direct evidence of discrimination"); see also Templeton v. Bessemer Water Service, 154 Fed. Appx. 759, 762 (11th Cir. 2005)(decisionmaker's statement that company was going to hire a younger person and that he "didn't feel like I would be coming back to work, because of my heart surgery" not direct evidence of age discrimination). Though Stein's comment is "probative circumstantial evidence of [Stein's] state of mind, the comment still requires us to *infer"* that Stein's decision as to Kara was motivated by Kara's age and retirement. Damon v. Fleming Supermarkets Of Fla., Inc., 196 F.3d 1354, 1359 (11th Cir. 1999)(manager's comment "'what the company needed was aggressive *young*

---

[4] FPUC never addressed or sought to address plaintiff's waiver argument. If defendant desires to contest the Court's determination, it may move for reconsideration of this issue.

men . . to be promoted'" did not meet rigorous standard for direct evidence); see also Templeton, 154 Fed. Appx. at 762 n.2 (statement about plaintiff's heart surgery may be circumstantial evidence of age discrimination). Thus, Kara must establish his case indirectly with circumstantial evidence, using the burden-shifting *McDonnell Douglas*[5] framework. See Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1457 (11th Cir. 1997).

FPUC does not dispute that Kara is a member of a protected class, nor does it dispute that defendant's decision to hire Barry Kennedy, a "substantially younger person" see Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1432 (11th Cir. 1998), instead of Kara, was adverse to him. FPUC contends that Kara fails to meet the second prong of the ADEA *prima facie* case: that he was qualified for the position. FPUC argues that Kara's lack of a four-year college degree was determinative.

To determine whether a plaintiff is "qualified" for a position in an age discrimination case, the Court "focuses on a plaintiff's 'skills and background.'" Damon, 196 F.3d at 1360 (citation omitted)(person holding a long tenure at a position permits inference that the person is qualified for that particular position). Here, plaintiff raises the question whether FPUC waived educational requirements as they pertained to Kara in light of his experience in the propane industry. Additionally, the evidence suggests that the four-year college degree had never been necessary

---

[5]   See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

8

heretofore to accomplish the job of director of propane operations or required by the company. The outgoing director of propane operations, Marc Seagrave, did not have a four-year college degree, and, prior to April 2004, Kara himself had successfully filled in as interim director of propane operations, "meet[ing] expectations" while Seagrave was on active military duty. Plaintiff's burden with respect to his *prima facie* case is minimal. Viewing the facts in the light most favorable to plaintiff, the Court concludes that he has met his *prima facie* burden as to his qualification for the position.

In the face of FPUC's "legitimate nondiscriminatory reason" for not promoting him, Kara has the burden of adducing sufficient evidence to raise a genuine issue of material fact with regard to whether FPUC's articulated reason was pretextual. Jackson v. State of Ala. State Tenure Comm'n, 405 F.3d 1276, 1290 (11th Cir. 2005). "[Q]ualifications evidence may suffice, at least in some circumstances, to show pretext." Ash v. Tyson Foods, Inc., 546 U.S. 454, 457 (2006). Kara has presented sufficient evidence to counter FPUC's argument that Kara was not qualified for the director position and that FPUC's educational requirement was pretextual, to survive summary judgment. Kara presented evidence that he had already performed the duties of the director while Seagrave, who did not have a bachelor's degree, was on active duty, and that he (Kara) had received positive evaluations for his work. See Stamey v. S. Bell Tel. & Tel. Co., 859 F.2d 855, 860-61 (11th Cir. 1988). Genuine

9

issues of material fact exist as to whether Kara was equally or more qualified than Kennedy for the position of director of propane, precluding summary judgment in favor of FPUC. See Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1089 (11th Cir. 2004).

Stein's comment, which for purposes of summary judgment the Court must view in the light most favorable to plaintiff, implying that Kara should not fill the job because he was going to retire in two years, when coupled with the record evidence of Kara's positive performance evaluations (including as acting propane operations director), extensive experience in the industry rendering him qualified for the position, see Goldstein v. Manhattan Indus., Inc., 758 F.2d 1435, 1444 (11th Cir. 1985), and the company's history of waiving educational requirements, constitute circumstantial evidence of age discrimination sufficient to survive summary judgment. See Damon, 196 F.3d at 1362; Reilly v. Duval County Pub. Sch., No. 3:04-CV-1320-J-32MMH, 2006 WL 3130918, at *8 (M.D. Fla. Oct. 31, 2006).[6]

---

[6] The Court recognizes that this is a close case. "'What the qualifications for a position are, even if those qualifications change, is a business decision, one courts should not interfere with. [The Court does] not tell employers what the requirements for a job must be.'" Schaffner v. Glencoe Park Dist., 256 F.3d 616, 620-21 (7th Cir. 2001)(citation omitted). Broad deference should be afforded employers in selecting hiring criteria, absent a showing by the plaintiff that the employer's demands were made in bad faith. Thornley v. Penton Publ'g, Inc., 104 F.3d 26, 29 (2d Cir. 1997). However, on this record, the plaintiff has adduced sufficient evidence such that a finder of fact could infer that the educational requirement was pretextual. This is not to say that on a further developed record at trial, the Court would not be amenable to re-addressing this issue on motion by the defendant. See Fed. R. Civ. P. 50.

### b.     January 14, 2005 Termination and Failure to Hire As South Florida District Propane Division Manager

The evidence establishes that FPUC terminated Kara's position as propane business development manager as a result of a change in strategy by the company, in an effort to make the propane division more profitable. This decision was one of a number of committee recommendations, arrived at as a result of the committee's study of the division and of the propane industry. Kara has failed to adduce any evidence that FPUC's legitimate nondiscriminatory justification for eliminating the position is implausible, inconsistent or incoherent such as to establish that FPUC's strategic business decision was pretextual, and that the company was in actuality motivated by improper considerations of Kara's age.

But it is FPUC's refusal, following the elimination of plaintiff's position, to consider Kara for the available south Florida propane division manager's position which culminated in Kara's dismissal from the company, that presents questions of fact as to whether the decision was illegally motivated. "[W]here a job for which the plaintiff is qualified, and for which the plaintiff applies, is available at the time of termination, and the employer offers the job to an individual outside the protected age group, an inference of intentional discrimination is permissible." Jameson, 75 F.3d at 1532. Thus, Kara has stated a *prima facie* case.

> The ADEA . . . "does not mandate that employers establish
> an interdepartmental transfer program during the course of
> an RIF [reduction in force], . . . or impose any added burden

11

> on employers to transfer or rehire laid-off workers in the protected age group as a matter of course." [Citation omitted.] Rather, the ADEA simply provides that a discharged employee "who *applies* for a job for which she is qualified and which is available at the time of her termination must be considered for that job along with all other candidates, and cannot be denied the position based upon her age."

Smith v. J. Smith Lanier & Co., 352 F.3d 1342, 1344-45 (11th Cir. 2003)(citation omitted)(emphasis in original). It is undisputed that Kara inquired specifically about the vacant south Florida district propane division manager job .

Factual questions exist as to whether FPUC's stated reasons for denying him the position - - that 1) he was not a "good fit" and 2) he did not have a two-year associate's degree (despite more than 40 years of experience in the propane industry) - - were pretextual. The evidence established that Kara was terminated at age 63 by a new supervisor, Kennedy, who questioned Kara's attitude. However, Kennedy could cite to no specific examples of impropriety, and other than a passing reference in otherwise excellent evaluations, there is no evidence that Kara was anything but a good employee.

Kara worked as interim division manager in the northeast and west Florida divisions for nearly a year, all the while receiving exemplary evaluations and bonuses. He trained three employees for the very position that was denied to him. See Rosenfield v. Wellington Leisure Prods., Inc., 827 F.2d 1493, 1496 (11th Cir. 1987). No company employee testified that he had an improper attitude or was not a "good

fit" for the propane operations director position. And chief executive officer Stein conceded that but for the two-year educational requirement, Kara was "qualified from experience" for the south Florida position. (Doc. 42 at 194.) A subjective reason for an adverse job action, such as "poor work attitude," "is a legally sufficient, legitimate nondiscriminatory reason if the defendant 'articulates a clear and reasonably specific factual basis upon which it based its subjective opinion.'" Templeton, 154 Fed. Appx. at 763 (quoting Chapman v. AI Transport, 229 F.3d 1012, 1034 (11th Cir. 2000)). Here, factual issues exist whether Kennedy, Stein and FPUC human resources director Wayne C. Bonn's subjective determination that Kara was not a "good fit" was motivated more by improper regard for Kara's age than by a legitimate nondiscriminatory opinion. The fact that FPUC did not place Kara in another position, while finding jobs for all other propane division employees displaced by the company's change in business strategy, provides additional circumstantial evidence to support both Kara's *prima facie* case and pretext to create an issue of fact concerning FPUC's proferred reasons for denying Kara any position.

Further, though Kennedy was the "decisionmaker" with respect to whether Kara would fill the south Florida position, Stein approved that decision, creating a factual issue, and underscoring the relevance of his earlier comment referencing Kara's retirement as being circumstantially probative as to whether age animus motivated the company's decision not to offer Kara an available job. See Damon, 196 F.3d at 1363.

13

Kara presented evidence that showed he was 63-years old when denied promotion, terminated and denied a second position; that he had more than 40 years experience in the propane business; that he had indeed held comparable district manager positions on an interim basis and trained others to do the job, receiving exemplary performance evaluations; and that persons of substantially younger age were placed in the jobs denied to him. Kara has presented sufficient circumstantial evidence to support an inference that FPUC based its employment decision on an illegal criterion. See Bogle v. Orange County Bd. of County Comm'rs, 162 F.3d 653, 657-58 (11th Cir. 1998).

### B.    Retaliation In Violation Of ERISA (Count III)

In Count III of the complaint, Kara alleges that FPUC terminated him in retaliation for his and his wife's past use of ERISA benefits, and to interfere with his future use of both medical hospitalization benefits and pension benefits, contrary to ERISA Section 510. 29 U.S.C. § 1140. (Doc. 14 at 14.)[7] FPUC argues that it is entitled to summary judgment because "there is no record evidence to suggest that [FPUC] was motivated to terminate him due to costs associated with either his

---

[7] Plaintiff's complaint also alleges that FPUC's "refusing to promote" Kara was also retaliatory. Inasmuch as Kara's wife's illness occurred after the April 27, 2004 denial of a promotion, and Kara has presented no evidence that promotion to director of propane operations would have impacted his health and pension benefits, the Court holds that the April 27, 2004 denial of a promotion does not violate ERISA Section 510.

14

medical benefits or future vesting in the pension plan." (Doc. 31 at 20.)

ERISA Section 510 makes it unlawful "to discharge . . . or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled . . . ." 29 U.S.C. § 1140. This section prohibits interference with present pension benefits and also protects against interference with future entitlement to receive benefits. Gitlitz v. Compagnie Nationale Air France, 129 F.3d 554, 558 (11th Cir. 1997). To survive summary judgment on a claim based on this section of ERISA, "a plaintiff must provide direct or circumstantial evidence of the employer's specific intent to deprive him of benefits by terminating him." Krebs v. Aviation Constructors, Inc., 179 Fed. Appx. 627, 628 (11th Cir. 2006)(citing Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1223 (11th Cir. 1993).

Inasmuch as no direct evidence of FPUC's specific intent exists in this case, the Court's analysis turns to the familiar *McDonnell Douglas* burden-shifting scheme. See Clark, 990 F.2d at 1223. To establish a *prima facie* case of an ERISA violation, Kara must show (1) that he was entitled to ERISA benefits; (2) that he was qualified for his position; and (3) that the circumstances surrounding his termination give rise to an inference of specific intent. Krebs, 179 Fed. Appx. at 628 (citing Clark, 990 F.2d at 1223). Plaintiff's "burden of establishing a *prima facie* case is not onerous." Clark,

990 F.2d at 1223. "To satisfy the last element the plaintiff does not have to prove discriminatory intent but must introduce evidence that *suggests* interference with ERISA rights was a motivating factor." Clark, 990 F.2d at 1223-24 (emphasis added).

That Kara has not introduced specific evidence of the benefits savings reaped by FPUC as a result of his termination is not fatal to his claim of ERISA violation. Kara has adduced evidence that the company's senior vice president/chief operating officer Charles Stein was adverse to hiring individuals with large medical expenses;[8] that the company's decision to terminate him came within three months of his wife's heart surgery; that he was terminated 18 months prior to fully vesting in the company's fully funded pension plan and vesting in future medical coverage for him and his wife provided by the company upon retirement; and that the south Florida division manager position denied to him was filled by a younger employee who would not be entitled to a fully funded pension under the company's new retirement policy. These circumstances "suggest" that interference with Kara's ERISA rights was a

---

[8] While the Court is mindful that Magistrate Judge Richardson, in *dicta*, characterize Stein's 2003 comments opposing the hiring of persons who incurred significant medical expenses as "not relevant to show such bias after Defendant became fully insured" (Doc. 25 at 7), the Court is not, based on this record, prepared to determine Stein's alleged statement, or evidence of heart patient Harry Campbell's termination in 2002, inadmissible. See Goldsmith v. Bagby Elevator Co., Inc., No. 06-14440, ___ F.3d ___, 2008 WL 150585, at * 20-21, 25 (11th Cir. Jan. 17, 2008). This is not to say that the Court will not re-examine the admissibility of this evidence at trial based on the record at that time, and the pending Supreme Court decision in Mendelsohn v. Sprint/United Mgmt. Co., 466 F.3d 1223 (10th Cir. 2006), cert. granted, 127 S.Ct. 2937 (U.S. June 11, 2007), which may bear on this issue.

motivating factor in the company's decision to terminate him and not place him in a vacant district manager position, sufficient to establish a *prima facie* case of an ERISA violation, as well as pretext to counter FPUC's articulated reasons for eliminating Kara's position and terminating him. FPUC has failed to establish an absence of issues of material fact; a fact finder could reasonably find that FPUC terminated Kara as an employee for the specific purpose of interfering with his ERISA pension and medical benefits rights. See Gitlitz, 129 F.3d at 560.[9]

Upon due consideration, it is hereby

**ORDERED**:

1. Defendant's Motion for Summary Judgment (Doc. 31) is **DENIED**.

2. The Court believes that a settlement conference may be beneficial before the parties incur the time and expense of trial. The Honorable Monte C. Richardson, United States Magistrate Judge, has agreed to conduct a settlement conference with the parties. The parties should contact Judge Richardson's staff to schedule the conference. Unless otherwise ordered, this settlement conference will be conducted no later than **April 18, 2008**, and will not delay the trial.

---

[9] The Court recognizes that this too is a close issue, given 1) that defendant FPUC is a 350-employee company that is fully insured; and 2) that any legitimate termination will necessarily impact upon the terminated employee's future pension and medical benefits. Therefore, the Court will be prepared to revisit these issues at the Rule 50 stage of the case.

17

3.  The following deadlines and settings apply:

  Filing of Pretrial Statement:  **June 12, 2008**

  Final Pretrial Conference:  **June 18, 2008 at 4:00 p.m.**[10]

  Trial Term:  **July 7, 2008**
  (9:00 a.m. Jury - 5 days)

All other requirements set forth in the Court's Case Management and Scheduling Order that were not vacated (Docs. 11, 55), continue to apply.

4.  Plaintiff's Motion That No Actions Be Taken That Would Require A Response By Plaintiff From May 1 2008 Through June 16, 2008 (Doc. 61) is **TERMINATED** as **MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of February, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

---

[10] The Final Pretrial Conference is set before the undersigned, in Courtroom 10B, Tenth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida. Photo identification must be presented to court security officers upon request. Although cell phones and laptop computers are generally not permitted in the Courthouse, counsel will be permitted to bring those items into the Courthouse for purposes of this hearing by presenting a copy of this Order to court security officers. All cell phones must remain off while Court is in session.

jl.
Copies to:
Honorable Monte C. Richardson,
    United States Magistrate Judge
Counsel of Record