**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALEXANDER M. KARA,

        Plaintiff,

vs.                                      Case No. 3:06-cv-572-J-32MCR

FLORIDA PUBLIC UTILITIES COMPANY,

        Defendant.

## ORDER[1]

This case is before the Court on Defendant, Florida Public Utilities Company's Motion For Reconsideration Of The Court's Order Denying Its Motion For Summary Judgment. (Doc. 68.) The Court has reviewed the motion and exhibits (Docs. 68, 70) and plaintiff's memorandum and exhibits in opposition. (Doc. 71.)

**I.**     **Waiver Of Timeliness Of Condition Precedent**

For the first time, and upon the Court's invitation, (Doc. 64 at 7),[2] defendant Florida Public Utilities Company ("FPUC") addresses plaintiff Alexander M. Kara's

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

[2] The tenet that motions for reconsideration "should not be used to raise arguments which could, and should have been made" previously, Prudential Secs., Inc. v. Emerson, 919 F. Supp. 415, 417-18 (M.D. Fla. 1996)(internal quotations omitted)(citing Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990)), thus does not apply, in light of the Court's specific invitation to FPUC to discuss the waiver issue.

("Kara") argument that FPUC waived its right to contend that Kara's charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") was untimely with regard to FPUC's April 27, 2004 decision not to promote Kara. The issue is not whether Kara's charge of discrimination filed May 18, 2005 was timely as to the April 27, 2004 job action. See e.g. Robinson v. Adventist Health System, No. 06-13828, 2007 WL 4374408, at *2 (11th Cir. Dec. 17, 2007); Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1086 & n.1 (11th Cir. 2004)(promotion claim untimely when EEOC charge filed more than 300 days after failure to promote employment action). Rather, the issue is whether FPUC's answer constituted a specific and particular denial of a condition precedent, and if not, whether FPUC has waived its right to raise this as a defense. See Wilshin v. Allstate Ins. Co., 212 F. Supp.2d 1360, 1369-70 (M.D. Ga. 2002).[3]

Both Kara's Complaint and his Amended Complaint (Docs. 1, 14) allege that FPUC's failure to promote him to the position of director of propane operations constituted a violation of the Age Discrimination in Employment Act ("ADEA") and the

---

[3] "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). As a condition precedent, the plaintiff must generally allege in his complaint that it has been fulfilled, and the defendant "must deny in its answer that a condition precedent has not been fulfilled 'specifically and with particularity.'" Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982)(quoting Fed. R. Civ. P. 9(c)).

Florida Civil Rights Act ("FCRA"), and Kara specified in his amended complaint that he was referring to the April 27, 2004 job action. (Doc. 14 (Am. Complaint ¶¶ 54, 58).) Kara's allegations concerning satisfaction of conditions precedent were as follows:

> 5.      Mr. Kara has timely complied with all legally required administrative pre-requisites prior to initiating this action.
>
> 6.      Specifically, he timely filed his charge of age discrimination with the Equal Employment Opportunity Commission on or about May 18, 2005, and the Florida Commission on Human Relations ("FCHR") on or about May 18, 2005.

(Doc. 14 at 3 (Am. Complaint ¶¶ 5, 6).)

FPUC admitted the condition precedent allegations as follows:

> 5.      Upon information and belief, FPU admits the allegations in Paragraph 5 as it concerns Kara's obligations under the statutory provisions under which he has brought suit.  Except as expressly admitted, FPU denies the allegations or any inferences that may be taken from paragraph 5 of the Amended Complaint.
>
> 6.      Upon information and belief, FPU admits the allegations in Paragraph 6 as it concerns Kara's obligations under the statutory provisions under which he has brought suit.  Except as expressly admitted, FPU denies the allegations or any inferences that may be taken from paragraph 6 of the Amended Complaint.

(Doc. 16 at 2-3 (Answer ¶¶ 5, 6).)

First, FPUC's answer does not meet the standard of a specific and particular denial to an averment of satisfaction of condition precedent, as required by Fed. R. Civ. P. 9(c)); indeed, it admits the allegations.  Second, the amended complaint

clearly alleges that FPUC's decision to not promote Kara to the position of director of propane operations on April 27, 2004, <u>and</u> to terminate him on January 14, 2005 constituted a violation of the ADEA and the FCRA.  Thus, the allegations in the amended complaint that all required conditions precedent had been satisfied, applied to <u>both</u> claims.  Indeed, FPUC in its motion for summary judgment recognized Kara's failure-to-promote claim as a separate claim brought under the ADEA and FCRA. (Doc. 31 at 11-13.)

On the question of waiver, FPUC's argues that the Eleventh Circuit case which most closely addresses this issue, <u>Jackson v. Seaboard Coast Line R.R.</u>, 678 F.2d 992 (11th Cir. 1982), did not hold that failure to specifically and particularly deny performance of conditions precedent in the answer "would automatically constitute a waiver of any later challenge." (Doc. 68 at 7.)  The Eleventh Circuit held in <u>Jackson</u> that if a "defendant does not deny the satisfaction of the preconditions specifically and with particularity, then the plaintiff's allegations are assumed admitted, and the defendant cannot later assert that a condition precedent has not been met." <u>Jackson</u>, 678 F.2d at 1010.

In <u>Wilson</u>, 376 F.3d 1079, plaintiff brought a discrimination action against her employer, alleging gender discrimination in connection with her failure to receive a promotion and her subsequent discharge.  While noting that plaintiff's failure-to-promote claim was untimely because she failed to file an EEOC charge as to the

promotion claim within 300 days of the job action, the Eleventh Circuit held that defendant employer "did not object to the timeliness of this claim, and, therefore, has waived that objection." Wilson, 376 F.3d at 1086 (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)).  The Court in Wilson went on to reverse summary judgment in favor of the employer as to the promotion charge.

In Wilshin, 212 F. Supp.2d 1360, the court examined a defendant employer's general denial to the Title VII plaintiff's allegation that he had exhausted his administrative remedies and had timely filed his complaint following receipt of his right-to-sue letter from the EEOC, as well as defendant's affirmative defenses stating in general terms that plaintiff failed to satisfy conditions precedent and to exhaust administrative remedies.  In its motion for summary judgment, "Defendant, for the first time, argued with factual support that Plaintiff did not file suit within the requisite time period and that his suit should be dismissed as untimely." 212 F. Supp.2d at 1369. Noting that the defendant waited "almost two years after the case was filed to state with specificity that Plaintiff's claim was untimely," as being filed one day late, the court determined that defendant employer waived its right to raise the defense. Wilshin, 212 F. Supp.2d at 1369-70 (citing Jackson, 678 F.2d at 1009-1011).

"'A Court will not alter a prior decision absent a showing of clear and obvious error where "the interests of justice" demand[s] correction." Scelta v. Delicatessen Support Services, Inc., 89 F. Supp.2d 1311, 1320 (M.D. Fla. 2000)(citations omitted).

FPUC, conceding that it raises no intervening change in the law or new evidence, has failed to establish that the Court's order denying summary judgment constitutes "clear error" or a "manifest injustice."  See Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  The current law of this Circuit, and the record in this case, counsels that FPUC has waived through its previous admission its defense that Kara's failure-to-promote claim fails as being untimely charged.[4]

---

[4] As noted by FPUC, before bringing a claim under the ADEA, Kara was required to file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory conduct. 29 U.S.C. § 626(d)(2). The FCRA requires that a charge of discrimination be filed within 365 days of the alleged discriminatory act. Fla. Stat. § 760.11(1). (See Doc. 31 at 11-12.) Kara signed his charge of discrimination to the EEOC on May 18, 2005, requesting that the charge be dually filed with the Florida Commission on Human Relations ("FCHR"). The EEOC received the charge on May 24, 2005 (Doc. 34-6), and issued a notice of dual filing with the FCHR on May 31, 2005. (Doc. 32-23.) "[A] filing with the EEOC 'automatically operate[s] as a dual-filing with the FCHR.'" Muldrow v. Florida, No. 204CV465FTM22SPC, 2005 WL 2012776, at *2 (M.D. Fla. Aug. 16, 2005)(quoting Woodham v. Blue Cross and Blue Shield of Fla., Inc., 829 So.2d 891, 893 n.1 (Fla. 2002); Palisano v. City of Clearwater, 219 F. Supp.2d 1249, 1252-53 (M.D. Fla. 2002))

In Jones v. Dillard's, Inc., 331 F.3d 1259, 1266-68 (11th Cir. 2003), the Eleventh Circuit held that the EEOC charging period did not begin to run until the plaintiff learned of the employer's hiring of a younger person. FPUC hired Barry Kennedy, age 50, for the position of director of propane operations on June 2, 2004. (Docs. 14 ¶ 44; 16 ¶ 44; 40 at 4-6; 42 at 143; 48-9.) Thus, Kara's charge of discrimination was filed with the EEOC and the FCHR within 365 days after Kennedy was hired, and on this record, there is at minimum a genuine issue of material fact that the charge was timely as to the FCRA claim. Accordingly, even if FPUC's defense of untimeliness is not waived, the defense would apply as a matter of law only to Kara's ADEA claim, and not to Kara's FCRA claim.

## II.  Court's Order Regarding Factual Issues Concerning Director Of Propane Operations Position

There remain genuine issues of material fact as to Kara's qualifications for the position of director of propane sufficient to survive summary judgment.

For the foregoing reasons, and upon due consideration, it is hereby

**ORDERED:**

Defendant, Florida Public Utilities Company's Motion For Reconsideration Of The Court's Order Denying Its Motion For Summary Judgment (Doc. 68) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of May, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record